UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JORDAN ANDRES,

                              Plaintiff,

                    -vs-                                          14-CV-657-JTC

SYNCHRONY BANK f/k/a
GE CAPITAL RETAIL BANK,

                              Defendant.

---

Plaintiff Jordan Andres brought this action in August 2014 against defendant Synchrony Bank (formerly known as GE Capital Retail Bank) seeking actual and statutory damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, based on allegations that defendant utilized an "automatic telephone dialing system" ("ATDS"), as defined in the TCPA,[1] to place multiple calls to plaintiffs' cellular telephone, and left pre-recorded messages, in an effort to collect on a debt allegedly incurred by plaintiff's uncle.  *See* Dkt. No. 1.  Defendant has now moved for a temporary stay of proceedings in this action pending the outcome of several petitions filed with the Federal Communications Commission ("FCC")[2] seeking updated rulemaking and

---

[1]      The term "automatic telephone dialing system" means equipment which has the capacity–

      (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

      (B) to dial such numbers.

47 U.S.C. § 227(a)(1).

[2]*In re Professional Association for Customer Engagement* ("PACE"), filed October 18, 2013 (*see* Dkt. No. 9-2); *In re Glide Talk, LTD.*, filed October 28, 2013 (*see* Dkt. No. 9-4); *In re ACA International*, filed January 31, 2014 (*see* Dkt. No. 9-6); and *In re TextMe, Inc.*, filed March 18, 2014 (*see* Dkt. No. 9-8).

declaratory administrative rulings for clarification of issues regarding statutory terms and regulatory policies–issues that are within the FCC's particular field of expertise, and potentially dispositive of the claims raised by plaintiff in this action. *See* Dkt. No. 9-13. The court directed plaintiff to respond to the motion for temporary stay, but no response has been filed despite ample time to do so.

Accordingly, for the reasons set forth in defendant's submissions in support of the motion, and in the interest of avoiding inconsistent treatment within the district (having adopted the same reasoning and approach in granting stay applications in other TCPA actions, *see Passero v. Diversified Consultants, Inc.*, No. 13-CV-338, 2014 WL 2257185 (W.D.N.Y. May 28, 2014), continued Mar. 23, 2015 (Dkt. No. 31); *Gervasio v. Diversified Consultants, Inc.*, No. 13-CV-796 (W.D.N.Y. Aug. 14, 2014) (Dkt. No. 22), continued Mar. 23, 2015 (Dkt. No. 25); *Diegert v. Receivables Performance Management, LLC*, No. 14-CV-1058 (W.D.N.Y. May 21, 2015) (Dkt. No. 14), the court makes the following order:

1. Defendant's motion to stay (Dkt. No. 9) is granted. All discovery and other pretrial proceedings in this action are stayed until a decision is issued by the FCC addressing the TCPA issues raised in the multiple petitions pending before it relevant to the claims in this case.

2. Within 14 days of the FCC's ruling, defendant shall file a status report advising the court of the FCC's order, and attaching a copy of the order as an exhibit. If the FCC does not issue a ruling on these matters within 180 days following the date of entry of this order, defendant shall file a status report by that date advising the court as to the FCC's progress on resolving

the petition. Upon receipt and review of these filings, the court will set an appropriate schedule for further proceedings.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: June 25, 2015
p:\pending\2014\14-657.stay.jun24.2015